IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH H. CALAIS,<br>TDCJ #393052, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3916 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Joseph H. Calais, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Calais seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his sentence following the revocation of his parole. The respondent has filed a motion for summary judgment, arguing that Calais is not entitled to habeas corpus relief. (Docket Entry No. 10). Calais has not filed a reply and his time to do so has expired. After reviewing all of the pleadings, the state court records, and the applicable law, the Court **grants** the respondent's motion and **dismisses** this case for reasons set forth below.

## I.    BACKGROUND

On December 10, 1984, Calais was convicted of voluntary manslaughter in cause number 408321, following a bench trial in the 248th District Court of Harris County, Texas. The trial court sentenced Calais to twenty years' imprisonment in that case. On December

1, 1989, Calais was released on parole.  That parole was revoked following a hearing on August 14, 2002.  On October 3, 2002, Calais returned to TDCJ custody.

Calais filed the pending federal habeas corpus petition on October 5, 2004.[1]  Calais does not challenge his underlying conviction.  Instead, Calais contends that he is entitled to relief because he was denied appointment of counsel during his parole revocation proceeding and because, upon his return to TDCJ, he discovered that he would not receive any "street time" credit for the years he spent out of custody on parole.  The respondent has answered with a motion for summary judgment on the grounds that Calais's petition is barred by the governing statute of limitations.  Alternatively, the respondent argues that Calais's claims are without merit.  The parties' contentions are addressed below under the standard of review that governs federal habeas corpus petitions.

## II.   STANDARD OF REVIEW

### A.   Habeas Corpus Review Under 28 U.S.C. § 2254

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as

---

[1]     The Clerk's Office received the petition on October 8, 2004.  However, Calais executed the petition on October 5, 2004, indicating that he placed his pleadings in the prison mail system that same day.  For statute of limitations purposes, courts in this Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). The petitioner bears the burden to prove that he is entitled to habeas corpus relief under this deferential standard. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). For claims adjudicated on the merits, a petitioner is not entitled to relief unless the state court's conclusion:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in
        the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  In addition, any factual

findings made by the state court in deciding a petitioner's claims are presumed correct under

28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing

evidence" to the contrary.

A federal habeas corpus court's review under the AEDPA standard is restricted to the

reasonableness of the state court's "ultimate decision, not every jot of its reasoning."

*Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77,

86 (2d Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we

are determining the reasonableness of the state court's 'decision,' . . . not grading their

papers.")), *cert. denied*, 535 U.S. 982 (2002).  Courts are to review pure questions of law and

mixed questions of law and fact under § 2254(d)(1), and pure questions of fact under

§ 2254(d)(2).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885

(2001).  A decision is "contrary to" clearly established federal law for purposes of

§ 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law or if the state court decides a case differently than [the]

Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A

decision is an "unreasonable application of federal law" for purposes of § 2254(d)(2), "if the

state court identifies the correct governing legal principle . . . but unreasonably applies that

principle to the facts of the prisoner's case."  *Id.*  To be unreasonable, the state decision must

be more than merely incorrect or erroneous.  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Rather, the state court's application of clearly established law must be "objectively unreasonable."  *Id*.  Stated another way, a reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

By its plain terms, the AEDPA standard of review found in § 2254(d) applies only to those claims that were adjudicated on the merits.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim).  In this case, the petitioner's claims were raised and rejected by the Texas Court of Criminal Appeals on state habeas corpus review.  Accordingly, the AEDPA standard applies, if at all, to the state court's decision to deny state habeas corpus relief.

### B.    Summary Judgment

In addition to the standard supplied by the applicable federal habeas corpus statutes, the respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A movant's burden is to point out the absence of evidence supporting the nonmovant's case. *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; and *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)). To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *See Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy — that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

While it is true that Rule 56 of the Federal Rules of Civil Procedure applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the Fifth Circuit has held that Rule 56

6

applies only to the extent that it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds and dism'd*, 541 U.S. 913 (2004). Therefore, 28 U.S.C. § 2254(e)(1) — which mandates that findings of fact made by a state court are "presumed to be correct" — overrides the ordinary rule that, in a summary-judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id*. Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id*.

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *see also Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence") (quoting *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Id*. Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id*. In the absence of any proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th

7

Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The petitioner proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).  Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary-judgment motion.  *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

As noted above, the petitioner has not filed a response to the motion for summary judgment.  According to this Court's local rules, responses to motions are due within twenty days.  S.D. Tex. R. 7.3.  Any failure to respond is taken as a representation of no opposition.  S.D. Tex. R. 7.4.  The Court specifically directed the petitioner to respond within thirty days to any dispositive motion filed by the respondent or face dismissal for want of prosecution.  (Docket Entry No. 2, ¶ 7).  Notwithstanding the petitioner's failure to respond, summary judgment may not be awarded by default.  *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated

a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). In that regard, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the reviewing court may not grant the motion regardless of whether any response was filed. *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is warranted, the district court may accept as undisputed the facts set forth in the unopposed motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## III.   <u>DISCUSSION</u>

### A.   The One-Year Statute of Limitations

The respondent argues that Calais's petition is barred by the one-year statute of limitations governing federal habeas corpus proceedings. All federal habeas corpus petitions filed after the AEDPA's effective date of April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims
>        presented could have been discovered through the exercise of
>        due diligence.

28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The record shows that Calais's parole was revoked following a hearing at the Harris County Jail on August 14, 2002, and that Calais returned to TDCJ custody on October 3, 2002, where he discovered that he would not receive any street time credit.  Thus, the statute of limitations for the claims raised in Calais's petition expired no later than October 3, 2003. Calais's pending petition, signed by him on October 5, 2004, is late by more than a year and is therefore time-barred unless an exception applies.

**B.    Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  Calais filed a state habeas corpus application to complain about his parole revocation on November 19, 2003, which

the Texas Court of Criminal Appeals denied on August 25, 2004.  *See Ex parte Calais*, No. 59,825-01.  However, the one-year statute of limitations period expired, at the latest, on October 3, 2003.  Because Calais's state habeas corpus proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Calais has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

## C.    Equitable Tolling

Calais has not filed a reply to the respondent's summary judgment motion.  Nor has he otherwise offered any explanation for his delay in seeking federal habeas corpus relief. Although Calais has not expressly invoked the doctrine of equitable tolling, the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th

Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In other words, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. The Fifth Circuit has held that, in order for equitable tolling to apply in the habeas corpus context, the applicant must "diligently pursue his § 2254 relief," because "equity is not intended for those who sleep on their rights." *Id.* at 403 (citing *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (citation omitted)). The party seeking the benefit of equitable tolling bears the burden to show that the doctrine applies. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

As noted above, Calais's parole was revoked following a hearing on August 14, 2002. By Calais's own admission, he discovered upon his return to TDCJ on October 3, 2002, that he would not receive any street time credit for the years that he spent out of custody on parole. The record reflects that Calais filed a grievance with the TDCJ time credit dispute tribunal on November 19, 2002, which was denied on May 29, 2003. Calais then waited nearly six months before submitting a state habeas corpus application on November 19,

2003. *See Ex parte Calais*, No. 59,825-01.  Once the Texas Court of Criminal Appeals denied state habeas relief on August 25, 2004, Calais waited more than a month, until October 5, 2004, to execute his federal habeas corpus petition.

This record documents substantial delay on Calais's part, and he offers no explanation for his failure to diligently pursue habeas corpus relief.  Although Calais proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling);  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions."  *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002).  Given the petitioner's apparent lack of diligence in this case,

---

[2]     The Court notes, however, that the petitioner's claims were raised and rejected on state habeas corpus review.  Moreover, the Court addresses the petitioner's claims below and finds them to be without merit.

the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. The Court concludes therefore that equitable tolling will not save his late-filed claims and that the pending federal habeas corpus petition is barred by the applicable one-year limitations period. The respondent's motion for summary judgment on this issue is granted.

### D.      Alternatively, Calais's Claims are Without Merit

The respondent argues in the alternative that Calais has failed to meet his burden to demonstrate that he is entitled to federal habeas corpus relief under the standard set forth in 28 U.S.C. § 2254(d). In that regard, the state habeas corpus court rejected Calais's claim that he was denied his constitutional right to counsel at his parole revocation. *See Ex parte Calais*, No. 59,825-01 at 128-29. The state habeas corpus court also found that Calais was not entitled to "street time" credit upon his return to prison following the revocation of his parole. *See id*. at 129. For reasons discussed briefly below, the Court agrees that Calais has failed to demonstrate that he is entitled to federal habeas corpus relief under the governing standard.

### 1.      Right to Counsel at Parole Revocation

Calais complains that he was denied appointed counsel during his parole revocation proceeding. An individual's rights in the probation or parole revocation context are governed by the Due Process Clause of the Fourteenth Amendment. *See Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). Although a probationer or parolee is not entitled to the full panoply

of rights that apply in a criminal prosecution, it is settled that parole revocation proceedings must meet the "minimum requirements of due process" by providing the following procedural safeguards:

1.    written notice of claimed violations of probation or parole;

2.    disclosure to the probationer or parolee of evidence against him;

3.    opportunity to be heard in person and to present witnesses and documentary evidence;

4.    the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds a good cause for not allowing confrontation);

5.    a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

6.    a written statement by the fact finders as to the evidence relied on and reasons for revoking probation or parole.

*Gagnon v. Scarpelli,* 411 U.S. 778, 781 (1973) (quoting *Morrissey*, 408 U.S. at 489); *see also Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir.), *cert. denied*, 528 U.S. 882 (1999).


The Supreme Court has emphasized that, in contrast to a criminal prosecution, the parole revocation proceeding is informal in nature.  *See Gagnon*, 411 U.S. at 788-89 (noting "critical differences between criminal trials and probation or parole revocation hearings"); *Morrissey*, 408 U.S. at 480 (beginning with the proposition that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations"). The Supreme Court has therefore held

that states have no constitutional obligation to provide counsel for indigents in all probation or parole revocation cases, reasoning as follows:

> In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him.  And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible to proof or is so simple as not to require either investigation or exposition by counsel.

*Gagnon*, 411 U.S. at 787.  Instead, the need for counsel is determined on a "case-by-case basis in the exercise of a sound discretion by the state authority charged with the responsibility for administering the probation and parole system."  *Id.* at 790.  In making that determination, the Supreme Court offers the following guideline:

>  . . . counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.*  The agency responsible for appointing counsel "also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself."  *Id.* at 790-91.

According to the records of the parole proceeding, Calais conceded that he had been convicted of committing a new criminal offense.  *See Ex parte Calais*, No. 59,825-01 at 106. Calais does not dispute that he pleaded guilty on July 22, 2002, to assault charges lodged against him in cause number #1126140.  *See id*. at 110.  The state habeas corpus court

16

rejected Calais's claim that he was denied counsel during his parole revocation proceeding in violation of the Constitution. *See id.* at 128. In doing so, the state habeas corpus court noted that Calais was accused of violating the terms and conditions of his release on parole by committing a new offense. *See id*. Specifically, Calais had been convicted on July 22, 2002, for assaulting a family member. *See id.* The state habeas corpus court found that Calais was denied appointment of counsel at his parole revocation proceeding "because the allegation being addressed did not pose any complex issues, because the applicant advised that he did not suffer from any type of mental illness or mental impairment and had never taken any psychotropic medication, and that the applicant was articulate, coherent and could effectively present a defense where appropriate." *Id.* at 128-29.

Calais presents nothing to refute the state court's findings, and therefore they are presumed correct under 28 U.S.C. § 2254(e). Calais merely alleges in his petition that he has only a tenth grade education and that he had "problems" understanding the revocation procedures. Although Calais submitted a brief with his petition, he provides no details in support of his assertion that lack of formal education interfered with his ability to understand the proceedings against him. It is true that *pro se* petitions for collateral review are entitled to a liberal construction. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in

the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Calais fails to allege or otherwise show that the parole revocation proceeding involved complex facts or circumstances.  Nor does the record indicate that Calais was unable to adequately represent himself.  Accordingly, Calais has not demonstrated that the state court's decision to reject his claim was contrary to or involved an unreasonable application of clearly established precedent.  It follows that Calais is not entitled to habeas corpus relief on this issue.

### 2.    Street Time

Calais complains that, following his parole revocation and return to TDCJ custody, prison officials wrongfully refused to grant credit on his sentence for the years he spent out on the street while on supervised release (*i.e.*, "street time").  Before September 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner had accumulated while on release.  *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 1998). Under an amended version of this statute, certain prisoners whose parole was revoked on or after September 1, 2001, are entitled to some street time credit upon their return to TDCJ following the revocation of parole.  *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon Supp. 2004); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas Government Code and its provision awarding street time credit applies to parole

revocations occurring on or after September 1, 2001).  Before an inmate may be entitled to street time credit under § 508.283(c), as amended, two conditions must be met.  First, the inmate must not fit within the criteria described in § 508.149(a) of the Texas Government Code, which lists a variety of aggravated offenses.  The second condition has to do with the amount of time remaining on the prisoner's sentence at the time that the parole revocation warrant is issued.  As long as an offender has not committed one of the offenses listed in § 508.149(a), the amended version of § 508.283(c) basically provides that parole violators are eligible for street time credit if the "remaining portion" of their sentence is less than the amount of time they have spent out on parole.

The state habeas corpus court rejected Calais's contention that he was improperly denied street time following the revocation of his parole because his criminal record contains an aggravated assault conviction.  *See Ex parte Calais*, No. 59,825-01 at 120, 129 (showing that Calais was previously convicted of aggravated assault and sentenced to ten years' imprisonment in cause number 343090).  Aggravated assault is one of the offenses described in § 508.149(a) of the Texas Government Code, which precludes an parole violator from eligibility for street time credit under § 508.283(c).  Calais does not dispute this finding and he otherwise fails to show that he fits within the category of inmates eligible for street time credit under Texas law.  Likewise, Calais fails to show that he has any constitutional right to the street time credit he seeks.  Absent a constitutional right, Calais has no claim that is cognizable on federal habeas corpus review.

19

Calais has not shown that the state court's decision to reject his claim was contrary to or involved an unreasonable application of clearly established precedent.  28 U.S.C. § 2254(d)(1).  Nor has he shown that the decision was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2). Calais has not established that he is entitled to federal habeas corpus relief.  Therefore, the respondent's motion for summary judgment on this issue is granted.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996.  Alternatively, Calais's claims are foreclosed by well-settled precedent.  The Court concludes therefore that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim for the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## V.   UNDERLINE CONCLUSION

Based on all of the foregoing the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED**.

2.    The petition for a federal writ of habeas corpus is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 20, 2005**.

Nancy F. Atlas
United States District Judge